ADAM GORDON
United States Attorney
SIDDHARTH D. DADHICH
Assistant United States Attorney
Texas Bar No. 24096310
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
(619) 546-9721
Siddharth.Dadhich@usdoj.gov

Attorneys for Plaintiff
United States of America

United States District Court

Southern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LANCE GENGHAI VALVERDE (1),<br><br>Defendant. | Case No. 26CR215-BJC<br>25MJ7009<br><br>**Plea Agreement**<br><br>(Fast-Track Program) |

It is hereby agreed between the plaintiff, the United States of America, through its counsel, Adam Gordon, United States Attorney, and Siddharth D. Dadhich, Assistant United States Attorney, and Defendant, Lance Genghai Valverde, with the advice and consent of Frank A. Balistrieri, counsel for Defendant, as follows:

//

//

//

//

//

//

SDDH:jf:1/21/26

# I

# The Plea

*A. The Charge*

Defendant agrees to waive Indictment and plead guilty to Counts One through Three of a three-count Superseding Information charging Defendant with:

> On or about December 25, 2025, within the Southern District of California, the defendants, Lance Genghai Valverde, knowing and in reckless disregard of the fact that an alien, namely, Victor Manuel Valderrama Roman, had come to, entered, and remained in the United States in violation of law, did knowingly transport and move said alien within the United States by means of transportation and otherwise in furtherance of such violation of law; in violation of Title 8, United States Code, Section 1324(a)(1)(A)(ii) and (v)(II).

*B. Early Disposition Program (Fast-Track)*

The disposition contemplated by this plea agreement is offered under an early disposition (fast-track) program authorized by the Attorney General of the United States and the United States Attorney for the Southern District of California.

In return for the concessions made by the government herein, Defendant agrees as follows:

1. Defendant will not file any substantive motions (including those described in Federal Rule of Criminal Procedure 12) and shall not file any motion or appeal as to bond in any Court more than 28 calendar days after the initial appearance in this matter unless Defendant has entered a guilty plea in open Court.

2. Upon acceptance of Defendant's guilty plea by the District Court and not withstanding any preservation orders entered by the District Court, the government need not hold or preserve any evidence seized in connection with this case, including but not limited to any cell phones and any vehicles.

3. Upon acceptance of Defendant's guilty plea by the District Court, Defendant will not oppose any motion by the government to move that the Court lift or revoke any preservation order.



Def. Initials LGV
______CR________

*C. Forfeiture*

Defendant agrees to the administrative and civil forfeiture of all properties seized in connection with this case, which Defendant agrees are subject to forfeiture to the United States under 8 U.S.C. § 1324(b). Defendant waives Defendant's right to receive timely notice of administrative forfeiture as set forth in 18 U.S.C. § 983(a) and waives receipt of all notice of forfeiture in this and all other administrative and civil proceedings. Defendant waives and disclaims any interest in the properties to be forfeited as described above. Defendant agrees not to contest or to assist any other person or entity in contesting the forfeiture of the properties seized in connection with this case. By signing this plea agreement, Defendant is hereby withdrawing all claims and all petitions relating to or arising from the seizure and forfeiture of properties in connection with this case.

## II

## Nature of the Offense

*A. Elements Explained*

The offense to which Defendant is pleading guilty has the following elements:

1. The person specified in the count was an alien.
2. The person specified in the count was not lawfully in the United States.
3. Defendant knew or acted in reckless disregard of the fact that the person specified in the count was not lawfully in the United States.
4. Defendant knowingly transported or moved the person specified in the count to help that person remain in the United States illegally.

//

//

//



Def. Initials LGV

CR

*B. Factual Basis—Elements Understood and Admitted*

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each element of the crime and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. Victor Manuel Valderrama Roman was an alien and not a citizen or national of the United States and was not lawfully in the United States.

2. Defendant knew or acted in reckless disregard of the fact that Victor Manuel Valderrama Roman was an alien who was not lawfully in the United States.

3. On December 25, 2025, Defendant knowingly transported or moved Victor Manuel Valderrama Roman, along with two other illegal aliens, within the Southern District of California to help them remain in the United States illegally. Defendant, Lance Genghai Valverde, and the other aliens were apprehended near Jamul, California.

4. Victor Manuel Valderrama Roman was paying $9,500 to be brought into the United States illegally and transported or moved illegally to their destination therein.

5. Defendant states that Teresa Margarita VALVERDE, who was the passenger in the vehicle at the time, had no involvement in the planning or organization of the alien-smuggling offense.

## III

## Penalties

The crime to which Defendant is pleading guilty carries the following penalties:

a. A maximum 5 years in prison.

b. A maximum $250,000 fine.

c. A mandatory special assessment of $100 per count.

d. A term of supervised release of not more than 3 years. Failure to comply with any of the conditions of supervised release could result in revocation of supervised release, which could result in Defendant serving in prison all



Def. Initials LGU

CR

or part of the statutory maximum term of supervised release for the offense that resulted in such term of supervised release.

e. Possible ineligibility for certain federal benefits.

## IV

## Waiver of Trial Rights

By entering this guilty plea, Defendant waives the right at trial to:

a. Continue to plead not guilty and require the government to prove the elements of the crime beyond a reasonable doubt.

b. A speedy and public trial by jury.

c. The assistance of counsel at all stages of trial.

d. Confront and cross-examine adverse witnesses.

e. Testify and present evidence and to have witnesses testify on behalf of Defendant.

f. Not testify or have any adverse inferences drawn from the failure to testify.

## V

## No Pretrial Right to Impeachment Information

Any information known to the undersigned prosecutor establishing the Defendant's factual innocence in this case has been turned over to Defendant, and the government will continue to provide any information establishing the Defendant's factual innocence.

If this case proceeded to trial, the government would be required to provide impeachment information for its witnesses. In addition, if Defendant raised an affirmative defense, the government would be required to provide information in its possession that supports such a defense. By pleading guilty, Defendant waives any right to this information. Defendant will not attempt to withdraw the guilty plea or file a collateral attack based on the existence of this information.

//

//



Def. Initials LGU

______CR________

## VI

## Guilty Plea Is Knowing and Voluntary

Defendant represents that:

a. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. By pleading guilty, Defendant may be giving up valuable government benefits and civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. The conviction in this case may subject Defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license. None of these collateral consequences can serve as grounds to withdraw Defendant's guilty plea.

b. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

c. No one has threatened Defendant or Defendant's family to induce this guilty plea.

d. Defendant is pleading guilty because Defendant is guilty and for no other reason.

e. The disposition contemplated by this agreement provides Defendant a benefit by having the case dismissed against Teresa Margarita VALVERDE as a result of Defendant's guilty plea.

## VII

## Agreement Limited to Southern District of California

This plea agreement is limited to the United States Attorney's Office for the Southern District of California and cannot bind any other authorities in any type of matter, although the government will bring this plea agreement to the attention of other authorities if requested by Defendant.

//

//

//



Def. Initials LGV

CR

//

//

## VIII

## Applicability of Sentencing Guidelines

The sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). In imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory. The Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the statutory maximum. The sentence cannot be determined until a criminal history report is prepared by the U.S. Probation Office and defense counsel and the government have an opportunity to review and challenge the criminal history report. Defendant agrees to request that a criminal history report be prepared. Nothing in this plea agreement limits the government's duty to provide complete and accurate facts to the District Court and the U.S. Probation Office.

## IX

## Sentence Is Within Sole Discretion of Judge

This plea agreement is made in accordance with Federal Rule of Criminal Procedure 11(c)(1)(B). The sentence is within the sole discretion of the sentencing judge, who may impose the maximum sentence provided by statute. It is uncertain at this time what Defendant's sentence will be. The government has not made and will not make any representation as to what sentence Defendant will receive. Any estimate of the probable sentence by defense counsel is not a promise and is not binding on the Court. Any recommendation made by the government at sentencing is not binding on the Court. If the sentencing judge does not follow any of the parties' sentencing recommendations, Defendant will not withdraw the plea.



Def. Initials CGU
CR

## X

## Parties' Sentencing Recommendations

*A. Sentencing Guideline Calculations*

Although the Guidelines are only advisory and just one factor the Court will consider under 18 U.S.C. § 3553(a) in imposing a sentence, the parties will jointly recommend the following Base Offense Level, Specific Offense Characteristics, and Adjustments:

| | | |
|---|---|---|
| 1. | Base Offense Level – § 2L1.1(a)(3) | 12 |
| 2. | Prior Immigration Felony – § 2L1.1(b)(3) | * |
| 3. | Acceptance of Responsibility – § 3E1.1 | −2/3 |
| 4. | Fast Track – § 3F1.1 | −2** |

*There is no agreement regarding Defendant's criminal history category. But if Defendant has a prior conviction for a felony immigration and naturalization offense, the parties will recommend a +2 adjustment under U.S.S.G. § 2L1.1(b)(3)(A). If Defendant has two or more such felony immigration convictions, the parties will recommend a +4 adjustment under U.S.S.G. § 2L1.1(b)(3)(B).

**The government reserves the right to reduce its recommended fast-track reduction if Defendant does not proceed to sentencing on the first date set by the Court unless the parties agree to a continuance or sentencing is continued on the Court's own motion.

*B. Acceptance of Responsibility*

Despite paragraph A above, the government need not recommend an adjustment for acceptance of responsibility if Defendant engages in conduct inconsistent with acceptance of responsibility. Such conduct includes, but not limited to, the following:

1. Failure to truthfully admit a complete factual basis as stated in the plea at the time the plea is entered, or falsely denying or making a statement inconsistent with the factual basis set forth in this agreement.



Def. Initials LGU
______CR________

2. Falsely denying prior criminal conduct or convictions.

3. Being untruthful with the government, the Court, or a probation officer.

4. Breaching this plea agreement in any way.

*C. Further Adjustments and Sentence Reductions*

Defendant may request or recommend additional downward adjustments or variances from the Sentencing Guidelines under 18 U.S.C. § 3553. The government will oppose any downward adjustments or variances not set forth in section X, paragraph A above.

*D. No Agreement as to Criminal History Category*

The parties have no agreement as to Defendant's criminal history category, except that, if Defendant is determined to be a career offender, the parties agree that Defendant is automatically in Criminal History Category VI under U.S.S.G. § 4B1.1(b).

*E. "Factual Basis" and "Relevant Conduct" Information*

The facts in the "factual basis" paragraph of this agreement are true and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

*F. Parties' Recommendations Regarding Custody*

The government agrees to recommend that Defendant be sentenced to the greater of (1) the low end of the advisory Guidelines range as calculated by the government, (2) 90 days in custody, or (3) the time served in custody at the time of sentencing.

*G. Special Assessment and Fine*

The parties will jointly recommend that Defendant pay a special assessment in the amount of $100 per felony count of conviction to be paid at the time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

//



Def. Initials LGV

CR

The parties have no agreement as to a fine and the government may recommend that Defendant pay a monetary fine to be paid at the time of sentencing. The government may also recommend an additional fine to cover the cost of imprisonment, supervised release, or probation, in accordance with 18 U.S.C. § 3572(a)(6).

*H. Supervised Release*

The government is free to recommend a period of supervised release. If the Court imposes a term of supervised release, Defendant will not seek early termination of supervised release until Defendant has served at least one half of the term of supervised release and has fully paid and satisfied any special assessment, fine, criminal forfeiture judgment, and restitution judgment.

## XI

## Defendant Waives Appeal and Collateral Attack

Defendant waives (gives up) all rights to appeal and to collaterally attack every aspect of the conviction and sentence. This waiver includes, but is not limited to, any argument that the statute of conviction or Defendant's prosecution is unconstitutional and any argument that the facts of this case do not constitute the crime charged. The only exceptions are that (1) Defendant may appeal a custodial sentence above the high end of the Guideline range recommended by the government at sentencing (if U.S.S.G. § 5G1.1(b) applies, the high end of the range will be the statutory mandatory minimum sentence), and (2) Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel. If Defendant appeals, the government may support on appeal the sentence or restitution order actually imposed.

## XII

## Breach of the Plea Agreement

Defendant and defense counsel know the terms of this agreement and shall raise, before the sentencing hearing is complete, any claim that the government has not complied with this agreement. Otherwise, such claims shall be deemed waived (that is,



Def. Initials LGU

CR

deliberately not raised despite awareness that the claim could be raised) and cannot later be made to any court. If such claims are later made to a court, it shall constitute a breach of this agreement.

Defendant breaches this agreement if Defendant violates or fails to perform any obligation under this agreement, regardless of whether the plea agreement has been accepted by the Court. The following are non-exhaustive examples of acts constituting a breach:

a. Failing to plead guilty pursuant to this agreement.

b. Failing to fully accept responsibility as established in section X, paragraph B, above.

c. Failing to appear in court.

d. Attempting to withdraw the plea.

e. Failing to abide by any court order related to this case.

f. Appealing (which occurs if a notice of appeal is filed) or collaterally attacking the conviction or sentence in violation of section XI of this plea agreement.

g. Engaging in additional criminal conduct from the time of arrest until the time of sentencing.

If Defendant breaches this plea agreement, Defendant will not be able to enforce any provisions, and the government will be relieved of all its obligations under this plea agreement. For example, the government may proceed to sentencing but recommend a different sentence than what it agreed to recommend above. Or the government may pursue any charges including those that were dismissed, promised to be dismissed, or not filed because of this agreement. Defendant agrees that any statute of limitations relating to such charges is tolled indefinitely as of the date all parties have signed this agreement; Defendant also waives any double jeopardy defense to such charges. In addition, the government may move to set aside Defendant's guilty plea. Defendant may



Def. Initials LGU

CR

not withdraw the guilty plea based on the government's pursuit of remedies for Defendant's breach.

If Defendant breaches this plea agreement, the following are admissible against Defendant in any prosecution of, or any action against, Defendant: (1) any statements made by Defendant, under oath, at the guilty plea hearing (before either a magistrate judge or a district judge); (2) the factual basis statement in section II.B in this agreement; and (3) any evidence derived from such statements. Defendant knowingly, voluntarily, and intelligently waives any argument that the statements and any evidence derived from the statements should be suppressed, cannot be used by the government, or are inadmissible under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure Rule 11(f), and any other federal rule.

## XIII

## Contents and Modification of Agreement

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral. No modification of this plea agreement shall be effective unless in writing and signed by all parties.

## XIV

## Defendant and Counsel Fully Understand Agreement

By signing this agreement, Defendant certifies that Defendant has read it (or it has been read to Defendant in Defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

//



Def. Initials LGV

CR

## XV

## Defendant Satisfied with Counsel

Defendant has consulted with counsel and is satisfied with counsel's representation. This is Defendant's independent opinion, and Defendant's counsel did not advise Defendant about what to say in this regard.

Respectfully submitted,

ADAM GORDON
United States Attorney

1-26-2026
Dated

SIDDHARTH D. DADHICH
Assistant U.S. Attorney

1-27-2026
Dated

FRANK A. BALISTRIERI
Defense Counsel

**In addition to the foregoing provisions to which I agree, I swear under penalty of perjury that the facts in the "factual basis" paragraph above are true.**

1-23-2026
Dated

LANCE GENGHAI VALVERDE
Defendant

Approved by:

*/s/ David Fawcett*
DAVID FAWCETT
Assistant U.S. Attorney



Def. Initials LGV
CR